*Response To Order To Show Cause*
*1*

FILED

55⁵

AUG 4 2008

RICHARD W. WIEKING
NORTHERN U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

(PR)

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name *BloodSAW Theopric K.*

    (Last)        (First)      (Initial)

Prisoner Number *N/A*   *P-20045*

Institutional Address *PBSP, B8-113, P.O.Box 7500,*
*Crescent City, CA. 95532*

JF

=================================================================

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

*BloodSAW Theopric*  *et al.* V
(Enter the full name of plaintiff in this action)

          vs.

*Stevenson R.*

_____

_____

_____

(Enter the full name of the defendant(s) in this action)

**08    3724**

Case No.
(To be provided by the clerk of court)

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies

    [**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

    A.   Place of present confinement *PBSP*

    B.   Is there a grievance procedure in this institution?

          YES (✓)    NO ( )

    C.   Did you present the facts in your complaint for review through the grievance procedure?

          YES(✓)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT               - 1 -

*2·' ·*

each level of review.  If you did not pursue a certain level of appeal, explain why.

1. Informal appeal *C10, Stevenson R. refuse to cooperate at the informal level on my 602 appeal form 8-16-07 for malice re-*

2. First formal level *asons. He is in violation of my Constitutional Rights U.S.C. Amendments I-IV-V-VIII-XIII-XIV. CV-00752-JF-*

3. Second formal level *550 Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp 219 to end) U.S. 321-322 III Particular circums-*

4. Third formal level *tance under which exhaustion of state remedies is or is not necessar-y*

E.  Is the last level to which you appealed the highest level of appeal available to you?

　　　　YES (✓)    NO ( )

F.  If you did not present your claim for review through the grievance procedure, explain why._____

_____

_____

## II.　Parties

A.  Write your name and your present address.  Do the same for additional plaintiffs, if any.

*BloodsAW Theopric, PBSP, B8-113, P.O. Box 7500, Crescent City, CA. 95532*

B.  Write the full name of each defendant, his or her official position, and his or her place of employment.

*Stevenson R., Correctional Officer, PBSP*

COMPLAINT　　　　　　- 2 -

3.

III.    Statement of Claim

State here as briefly as possible the facts of your case.  Be sure to describe how each defendant is involved and to include dates, when possible.  Do not give any legal arguments or cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Stevenson R., 8-15-07 Seditious an private conspiracy to deprive constitutional rights (ADA) single cell housing liberty, due process an equal protection of the laws. Entrapment forced BMU an Ad Seg. using excessive force warrantless search and seizure violently grabbing my left arm pushed in cell causing severe pain an muscle spasms under color of law. Use of force hearing 8-16-07. He can easily be link to a conspiracy he is working in B8 a pattern stalking Thom J., C10 an D. Melton, CCI works in B8 anC SR. Trying to intimidate me force me to double cell with Bloods, enemies. Breach of duties _ sedition

IV.    Relief

Your complaint cannot go forward unless you request specific relief.  State briefly exactly what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

Im the victim of a crime by Stevenson R., C10. I am asking the court for just compensation for punitive, liability and monetary damages. I am asking the court for a permanent inj

COMPLAINT                    - 3 -

1 | unction. I am asking the court to grant me single
2 | cell housing that Im entitle to legally an medi-
3 | cally (ADA)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __7__ day of __July__, 20 _08_

_T. Bloodsaw_

(Plaintiff's signature)

COMPLAINT                    - 4 -

5.

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Bloodsaw Theopric_ , declare:

I am over 18 years of age and a party to this action. I am a resident of _PBSP_

_____ Prison,

in the county of _Del Norte_ ,

State of California. My prison address is: _P.O. Box 7500, Crescent_

_City, CA. 95532_ ,

On _7-7-08_ ,
(DATE)

I served the attached: _Civil Rights 42 U.S.C. 1983_

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

_U.S. District Court, Northern Dist. of CA,_
_450 Golden Gate Ave. 94102_

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _7-7-08_        _T. Bloodsaw_
(DATE)                  (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                 ::ODMA\PCDOCS\WORDPERFECT\22632\1

-9-



**STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR**

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 1, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: IAB# 0734801        DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Please follow the instructions given to you on the CDC 695 screening form attached to this appeal by the Appeals Coordinator.
Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

May 20, 2008

*BLOODSAW, P20045*
*BF08L 000000113L*

Log Number: PBSP-B-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal per CCR 3084.4(d).*

*AS INSTRUCTED BEFORE, THIS OFFICE WILL NOT PROCESS YOUR APPEALS UNLESS YOU: SIMPLY ADDRESS THE SPECIFIC ISSUE AT HAND AND AVOID POINTLESS VERBIAGE, ONLY USE ONE CDCR 602 FORM PER APPEAL WITH UP TO ONE ADDITIONAL PIECE OF PAPER TO CLARIFY YOUR ISSUE, AND REFRAIN FROM WRITING IN SECTIONS THAT YOU ARE NOT AUTHORIZED TO.*

C. E. Wilber
Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

MAY 2 0 2008

# .81 Emergency Appeal

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. **PBSP** _____    1. _____    *1*
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME *Bloodsaw Theopric*    NUMBER *P20045*    ASSIGNMENT    UNIT/ROOM NUMBER *B8-113*

A. Describe Problem: Stevenson R., C/O I am taking the privilege of asking you for jurisdiction requirements for my False imprisonment at PBSP or forced into BMU according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. On 11-8-02 I was unlawfully arrested as a parole violator Penal Code 5011. a parole warrant is P.C. 3056. Their is not a felony complaint endorsed against me P.C. 872. court case No. YA053506 is void. CDC No. P20045 is a fraudulent C-

If you need more space, attach one additional sheet.

DC No. On 5-13-08 you worked sixteen hours in B8-BMU it is a fact that you are stalking me I feel threatened by you you made a unprovoked attack on me 8-15-07 while I was at Ad Seg A2-202. I am not

Inmate/Parolee Signature: *T. Bloodsaw*    Date Submitted: *5-19-08*

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

Staff Signature: _____    Date Returned to Inmate: _____

INMATE APPEALS BRANCH
RECEIVED
MAY 27 2008
Rej
Follow
Ups
86

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

and hispanic inmates what you have read. Numerous of times you have been told not to touch or read my legal mail a D.A. referral is your motives. 3000. Definitions. 3013. Unlawful Influence. 3273. Acceptance and Surrender of Custody.

Signature: *T. Bloodsaw*    Date Submitted: *5-19-08*

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

MAY 20 2008
7

0734801
P20045

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

C.E. Wilber, A.C. your excuses are to conceal the tru—
th PBSP does not honor CDC 602s. 26 S.Ct. 282, 200 U.S.
321 U.S. v. Detroit Timber & Lumber Co. (1906) 87 S.Ct.121-
3, 386 U.S. 547 Pierson v. Ray (1967) 3160 Inmate Access to Ct.

Signature: T. Bloodsaw    Date Submitted: 5-21-08

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Constitutional Law. 72 S.Ct. 205, 342 U.S. 165 Rochin v. Cal—
if. (1952) 80 S.Ct. 412, 361 U.S. 516 Bates v. City of Little
Rock (1960) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875)
78 S.Ct. 99, 355 U.S. 41 Contey v. Gibson (1957) 43 Cal.Rptr. 898,
233 Cal. App. 2d 799 LeMere v. Goren (1965) 352 F.3d 565 Ts—
ombanidis v. West Haven Fire Dept. (2003)

Signature: T. Bloodsaw    Date Submitted: 5-22-08

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

*Emergency Appeal*

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region ___ Log No. ___ Category ___

1. _____

2. _____

# ATTACHMENT

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME *Bloodsaw Theopric*  NUMBER P20045  ASSIGNMENT  UNIT/ROOM NUMBER B8-113

A. Describe Problem: *disionately slave you have me under survei-
llance because you have conspired with Melton D., CC-
I, CSR, Holmes T., Thom J., C/Os an hispanic inmates.
I have been forced into BMU a second time for malice
reasons you started to work in B8 because the false cha-
rges of 4-12-07 were dismissed. You are intentionally har-
assing and disrespecting me as you did at Ad Seg, you r-
ead my legal mail like it belongs to you you tell staff*

If you need more space, attach one additional sheet.

B. Action Requested: *Jurisdiction requirements and Keep your han-
ds off of my legal mail*

*CV-00752-JF-550*

Inmate/Parolee Signature: *T. Bloodsaw*  Date Submitted: *5-19-08*

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: *Bypass - informal review not required*

INMATE APPEALS BRANCH

MAY 27 2008

RECEIVED

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*3377.1. Inmate Custody Designations. 3401. Employee and
Inmate/Parolee Relations. 3901.2. Criteria for Placement of
Parole Hold. 3144. Inspection of Confidential Mail. CCR 3084.7.
222 F.2d 531 U.S. v. Lebron (1955) 321 F.supp. 1074 U.S. v. Sinclair (1971)*

Signature: *T. Bloodsaw*  Date Submitted: *5-19-08*

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                      Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*679 F.2d 1115 Ruiz v. Estelle (1982) 87 S.Ct. 1737, 387 U.S. 5 - 41 See v. City of Seattle (1967) 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 93 S.Ct. 1827, 411 U.S. 475 Preiser v. Rodriguez (1973) 222 F.2d 531 U.S. v. Lebron (1955)*

Signature: *T. Bloodsaw*                     Date Submitted: *5-21-08*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*96 S.Ct. 1848, 425 U.S. 738 Hosp. Bldg. Co. v. Trustees of Rex Hosp. (1976) 60 S.Ct. 811, 310 U.S. 150 U.S. v. Socony-Vacuum Oil Co. (1940) 321 F.Supp. 1074 U.S. v. Sinclair (1971) 309 F.Supp. 2d 789 U.S. v. Khan (2004) 155 Cal. Rptr. 670, 24 Cal. 3d 263 Calif. Manufacturers Ass'n. v. Public Utilities Com. (1979) 118 F.3d 168 Yeskey v. Com. of Pa. Dept. of Correction (1997)*

Signature: *T. Bloodsaw*                     Date Submitted: *5-22-08*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                          Date: _____

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

ATTACHMENT

Location: Institution/Parole Region    Log No.    Category

1.
2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME BloodSAW Theopric    NUMBER P20045    ASSIGNMENT    UNIT/ROOM NUMBER A2-202

A. Describe Problem: C/O Stevenson R. on 8-15-07 I was ordered out of my cell to the shower for malice reason his excuse was he needed to search my cell. I'm housed in Ad-Seg. unlawfully on probate proceedings CDC No. P20045 is a invalid unlawful CDC No. Legally and medically I'm entitle to single cell housing. On my return from the shower to my cell he grab my left arm violently pushing me into my cell by force causing severe pain in my left

If you need more space, attach one additional sheet.

shoulder un neck and a spasm. I have a serious disability spinal injuries in my neck etc. 3901.17.2. Criteria For Placement of Parole Hold. 3273. Acceptance and Surrender of Custody. 3271. Responsibility of Employee.

Inmate/Parolee Signature: T. Bloodsaw    Date Submitted: 8-16-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

INMATE APPEALS BRANCH    MAY 27 2008    RECEIVED

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

C/O Stevenson R. refuse to cooperate (Evidence) 87 S. Ct. 1727, 387 U.S. 523 Camara v. Municipal Court of San Francisco (1967) 81 S. Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 93 S. Ct. 1827, 411 U.S. 475 Preiser v. Rodriguez (1973)

Signature: T. Bloodsaw    Date Submitted: 5-22-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Evidence of Stevenson R., C/O stalking me and involved in this conspiracy to deprive me of my rights. 321 F.Supp.1074 U.S. v. Sinclair (1971) 34 S.Ct.283, 23-2 U.S.134 Bacon v. Rutland R.Co.(1914) Entrapment.*

Signature: *T. Bloodsaw*    Date Submitted: *5-22-08*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. Evidence for my protection. 309 F.Supp.2d 789 U.S. v. Khan (2004) 100 U.S.339, 100 U.S.339 Ex parte Commonwealth of Virginia (1879) 103 S.Ct.1483, 460 U.S.719 Kush v. Rutledge (1983) 158 Cal.Rptr.778, 97 Cal.App.3d 382 People v. Williams (1979) 839 F.2d 621 Karim-Panahi v. Los Angeles Police Dept.(1988) Seditious and private conspiracy.*

Signature: *T. Bloodsaw*    Date Submitted: *5-22-08*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1.

2.

**ATTACHMENT**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME *BloodsAW*     NUMBER *P20045*     ASSIGNMENT     UNIT/ROOM NUMBER *A2-202*

A. Describe Problem: *3000. Definitions. 453 F. 2d 12 Inmates of Attica Correctional Facility v. Rockefeller (1971) 320 F. Supp. 51 - 3 Blyden v. Mogan (1970) 86 S. ct. 1800, 384 U.S. 808 City of Greenwood, Miss. v. Peacock (1966) 889 F. Supp. 1146 Madrid v. Gomez (1995) 481 F. 2d 1028 Johnson v. Glick (1973) 824 F. 2d 703 Cato v. Rushen (1987) 106 S. ct. 1078, 475 U.S. 312 Whitley v. Albers (1986) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965) 55 S. ct. 340, 294 U.S. 103 Mooney v. Holohan (1935)*

If you need more space, attach one additional sheet.

B. Action Requested: *To be moved to the one block because it is officially Ad-Seg. and I may not be disrespected by staff C/Os. A section of two block is partially considered Ad-Seg. B an C section is G.P. your actions are intimidating*

Inmate/Parolee Signature: *T. Bloodsaw*     Date Submitted: *8-16-07*

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

INMATE APPEALS BRANCH    MAY 27 2008    **RECEIVED**

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*96 S. ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 17 S. ct. 540, 166 U.S. 290 U.S. v. Trans-Missouri Freight Ass'n (1897) 100 S. ct. 502, 444 U.S. 232 McLain v. Real Estate Bd. of New Orleans, Inc. (1980)*

Signature: *T. Bloodsaw*     Date Submitted: *5-22-08*

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                              Returned

Signature: _____ Title: _____ Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

222 F.2d 531 U.S. v. Lebron (1955) 155 Cal. Rptr. 670, 24 Cal. 3d 263 California Manufacturers Ass'n v. Public Utilities Com. (1979) 111 P. 513, 14 Cal. App. 224 People v. Tomalty (1910) 968 F.2d 791 Buckey v. County of Los Angeles (1992)

Signature: _____ T. Bloodsaw _____ Date Submitted: 5-22-08

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

60 S. Ct. 811, 310 U.S. 150 U.S. v. Socony-Vacuum Oil Co. (1940) 34 S. Ct. 341, 232 U.S. 383 Weeks v. U.S. (1914) 40 S. Ct. 182, 251 U.S. 385 Silverthorne Lumber Co. v. U.S. (1920) 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952) 53 S. Ct. 210, 287 U.S. 435 Sorrel 1s (1932) 78 S. Ct. 819, 356 U.S. 369 Sherman v. U.S. (1958) 44 Cal. Rptr. 728, 234 Cal. App. 2d 796 People v. Marsden (1965)

Signature: _____ T. Bloodsaw _____ Date Submitted: 5-22-08

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

                                                      Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| | 1. _____ | 1. _____ | | _____ |
| | 2. _____ | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric | P20045 | | A2-109 |

A. Describe Problem: On 8-3-05 C.O. Stevenson had me moved From A2-107 to A4-118 the problem with the move is that each time that I'm moved the same two disrespectful Mexican inmates are moved and put in a cell directly above me this is ongoing they move to A yard from B yard last January at that time I was housed in A2-125 C sec. on 6-10-05 we were moved to A2-B sec. around 7-8-05 we were moved to A3-A sec. on 7-13-05 we were moved back to A2-A section I am being disrespected by these two all day and all night. 3160. Inmate Access to Courts. 3004. Rights and Respect to Others

If you need more space, attach one additional sheet.

B. Action Requested: _____

_____

_____

_____

Inmate/Parolee Signature: *T. Bloodsaw*     Date Submitted: 8-8-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

At the time I started to file this 602 I was not sure of how to file a 602 now that I am good at filing a 602, they are denied. I'm using this old attempt to file on Stevenson Re; C/O as evidence and I'm going to date it

Signature: *T. Bloodsaw*     Date Submitted: 7-7-08

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                              Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*say that he works in B8-BMU on Mondays on some Thursdays he would also come to work ASU their is a pattern he would also be in B-FAC. Medical Clinic grabbing my left arm 6-26-08*

Signature: ___*T. Bloodsaw*___      Date Submitted: *7-7-08*

Second Level   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: *7-7-08*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

                                               Date: _____

CDC 602 (12/87)

2 8.

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



March 6, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0720088        LEGAL

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*U. Drani*

N. GRANNIS, Chief
Inmate Appeals Branch

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

*9. 13.*

State of California
CDC-FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

January 7, 2008

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Your appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c).*

*THIS OFFICE DOES NOT HAVE THE RESOURCES TO DISECT YOUR POINTLESS APPEALS. AS YOU HAVE BEEN INSTRUCTED BEFORE, DO NOT WRITE IN UNAUTHORIZED AREAS OF YOUR APPEAL. AVOID USING SENSELESS VERBIAGE. SIMPLY DESCRIBE WHAT ACTION OR CONDITION OCCURRED (AND WHEN) AND ATTACH RELEVANT SUPPORTING DOCUMENTATION ONLY.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

JAN 0 4 2008

*Emergency Appeal*

Pointless Verbiage

Category D 10

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. _____
2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric    NUMBER: P20045    ASSIGNMENT: _____    UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: Stevenson R., C/O I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP or ASU according to U.S.C. Amend. I-IV-V-VIII-XIII-XIV. On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. Their is not a felony complaint endorsed against me on case No. YA053506 P.C. 872. Order holding defendant to answer on three counts. You have shown hostility on my behalf as a black person you have

If you need more space, attach one additional sheet.

B. Action Requested: Jurisdiction requirements

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw    Date Submitted: 1-3-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

BOARD ... JAN 14 2008 ... REJ

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

unprovokely attacked me you read my legal mail as if it was mailed to you and it was done as a favor to the southern hispanics. I have been deprived of my rights by the use of fraudulent documents. 3273 Acceptance and Surrender of Custody. CCR 3084-J.

Signature: T. Bloodsaw    Date Submitted: 1-3-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

JAN 0 4 2008

9

First Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                        Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

C.E. Wilber your excuses cannot escape constitutional requirements your CDC 695 appears to be instigating or to provoke me to say the wrong word PBSP staff has shown animosity on my behalf it is clear they want to strike me out

Signature: _____ T. Bloodsaw _____ Date Submitted: 1-7-08

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Constitutional Law. 3901.17.1. Authority to Place Parole Hold. 78 S.Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 26 S.Ct. 282, 200 U.S. 321 U.S. v. Detroit Timber & Lumber Co. (1906) 9 S.Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 100 S.Ct. 502, 444 U.S. 232 McLain v. Real Estate Bd. of New Orleans, Inc, (1980) 80 S.Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960)

Signature: _____ T. Bloodsaw _____ Date Submitted: 1-8-08

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
                                                                              Date: _____

CDC 602 (12/87)

0720088

# HEALTH CARE SERVICES REQUEST FORM (PBSP 7362)

| PART I: TO BE COMPLETED BY THE PATIENT |
| --- |

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR:    MEDICAL ☐    PSYCHIATRY ☐    MENTAL HEALTH ☐    DENTAL ☐    PHARMACY ☐

NAME: _Bradaw Weorie_    CDC #: _P0045_    HOUSING: _A ___

PHARMACY REFILL # _/_    *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

_On 8-15-07 I was told by C/O Stevenson R. for malice reason to cuff up he was putting me in the shower so he could search my cell this is ongoing returning me from the shower he grab my left arm violently pushing_

PATIENT'S SIGNATURE: _J _____    DATE: _8-15-07_

| PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA |
| --- |

Print/Stamp Name          Signature/Title          Date & Time Completed

## COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

| | | |
| --- | --- | --- |
| 1. | ☐ | Visit was for an emergency |
| 2. | ☐ | Visit was for diagnosis or treatment of a communicable disease condition (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR) |
| 3. | ☐ | Visit was for mental health services |
| 4. | ☐ | Visit was a follow-up requested by the clinician. |
| 5. | ☐ | Visit was for State mandated evaluation or treatment (e.g., Annual TB tests) |
| 6. | ☐ | Visit was for reception screening and evaluation only |
| 7. | ☐ | Visit is NOT exempt from co-payment. Send PINK copy to Inmate Trust Office. |

DISTRIBUTION:
ORIGINAL - Unit Health Record          YELLOW - Pharmacy          PINK - Inmate Trust          GOLDENROD - Inmate/Patient
PBSP 7362 (Rev 7/03)

Name: _Bradaw_    CDC#: _P0045_    Housing: _A ___    Institution: _PBP_

63949

# HEALTH CARE SERVICES REQUEST FORM (PBSP 7362)

| **PART I: TO BE COMPLETED BY THE PATIENT** |
|---|

If you believe this to be an urgent/emergent health care need, contact the correctional officer on duty

REQUEST FOR: MEDICAL ☑ PSYCHIATRY ☐ MENTAL HEALTH ☐ DENTAL ☐ PHARMACY ☐

NAME: _Blood on Trooper_  CDC #: _P____z_  HOUSING: _A____y_

PHARMACY REFILL # _____   *Pharmacy, place labels on back of form*

THE REASON YOU WANT HEALTH CARE. (DESCRIBE YOUR HEALTH PROBLEM AND HOW LONG YOU HAVE HAD THE PROBLEM)

_me into my cell causing severe pain in shoulder_
_an neck and a ghosph his action are due to my_
_lawsuits CV-00752-JF-550_

PATIENT'S SIGNATURE: _T. Broodon_    DATE: _8-13-07_

| **PART II: TO BE COMPLETED BY THE TRIAGE RN/RDA/MTA** |
|---|

Date & Time Received: _____    Received by: _____

Reviewed by RN/RDA, Date: _____ Time: _____ Signature: _____ Triage Designation: _____

S:

O:    T:    P:    R:    BP:    WEIGHT:

A:

P:

Signature/Date/Time: _____

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (immediately) | URGENT ☑ (within 24 hours) | ROUTINE ☐ (within 14 calendar days) |
|---|---|---|---|

REFERRED TO PCP: _____    DATE OF APPOINTMENT: _____

Print/Stamp Name _____  Signature/Title _____  Date & Time Completed _____

### COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF

1. ☐ Visit was for an emergency
2. ☐ Visit was for diagnosis or treatment of a communicable disease condition  (See Title 17, Chapter 4, Subchapter 1, Section 2500 CCR)
3. ☐ Visit was for mental health services
4. ☐ Visit was a follow-up requested by the clinician.
5. ☐ Visit was for State mandated evaluation or  treatment (e.g., Annual TB tests)
6. ☐ Visit was for  reception screening and evaluation only
7. ☐ Visit is NOT exempt from co-payment.  Send PINK copy to Inmate Trust Office.

DISTRIBUTION:
ORIGINAL–Unit Health Record     YELLOW – Pharmacy     PINK – Inmate Trust     GOLDENROD – Inmate/Patient
PBSP 7362 (Rev. 7/03)

| Name: _Brooddon_ | CDC#: _P____z_ | Housing: _A____y_ | Institution: _P___ |
|---|---|---|---|

2

170.
72

# PELICAN BAY STATE PRISON
## CELL SEARCH WORKSHEET

DATE __8-15-07__                                    TIME __1820__

CELL NO. __202__     ASSIGNED TO: (U) _____     C.D.C. # _____
                                   (L) __Bludsaw__     C.D.C. # __P-20045__

| _____ | _R. Stevenson_ | _M. Daniel_ |
|---|---|---|
| **SERGEANT/POSITION** | **C.OFFICER/POSITION** | **C.OFFICER/POSITION** |

CONDITION OF CELL: _____
_____
_____

### APPLIANCE INSPECTION

| | | | |
|---|---|---|---|
| TELEVISION _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| TELEVISION _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| RADIO/CASS _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| RADIO/CASS _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| OTHER _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| OTHER _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |

COMMENTS: _____
_____

### ITEM(S) CONFISCATED DURING SEARCH

| ITEM DESCRIPTION | LOCATION IN CELL | DISPOSITION |
|---|---|---|
| Excess trash | Expired meds | |
| 2 excess state scripts | 1 torn state T shirt | |
| Excess condiments | | |
| Excess milk cartons | | |

### CDC-115 ISSUED

FOR: _____     WRITTEN BY: _____     POSITION: _____
FOR: _____     WRITTEN BY: _____     POSITION: _____

## CELL-LAYOUT

| DATE SEARCHED | SEARCHED BY | COMMENTS |
|---|---|---|
| | | |
| | | |
| | | |

### NOTE

CELL SEARCHES ARE NOT INTENDED AS PUNISHMENT. SUPERVISORY STAFF SHALL BE RESPONSIBLE FOR ENSURING ALL STAFF RESPECT IN-MATES PROPERTY DURING ANY CELL SEARCH, AND PROPERLY DOCU-MENT ALL ITEMS CONFISCATED. A COPY OF THIS WORKSHEET WILL BE GIVEN TO THE CELL OCCUPANT WHEN THE SEARCH IS COMPLETED.

H
8

# PELICAN BAY STATE PRISON
## CELL SEARCH WORKSHEET

DATE *8-5-07*                                          TIME *1420*

CELL NO. *202*    ASSIGNED TO: (U) _____    C.D.C. # _____
                                 (L) *Bloodsaw*    C.D.C. # *P-20045*

| | | |
|---|---|---|
| _____ | *R. Stevenson  C/O* | *C/o f Collie C* |
| **SERGEANT/POSITION** | **C.OFFICER/POSITION** | **C.OFFICER/POSITION** |

CONDITION OF CELL: _____

_____

### APPLIANCE INSPECTION

| | | |
|---|---|---|
| TELEVISION _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| TELEVISION _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| RADIO/CASS _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| RADIO/CASS _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| OTHER _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |
| OTHER _____ SERIAL# _____ | WORKING _____ | NOT WORKING _____ |

COMMENTS: *Clean* _____

### ITEM(S) CONFISCATED DURING SEARCH

| ITEM DESCRIPTION | LOCATION IN CELL | DISPOSITION |
|---|---|---|
| *Unlabled medication* | _____ | _____ |
| *Ensure plastic bottle* | _____ | _____ |
| _____ | _____ | _____ |

### CDC-115 ISSUED

FOR: _____ WRITTEN BY: _____ POSITION: _____

FOR: _____ WRITTEN BY: _____ POSITION: _____

### CELL-LAYOUT

| DATE SEARCHED | SEARCHED BY | COMMENTS |
|---|---|---|
| | | |
| | | |

OVERHEAD LIGHT
SHELF
REAR WINDOW
UPPER BUNK
SINK TOILET
DESK
SEAT
LOWER BUNK
STORAGE

### NOTE

CELL SEARCHES ARE NOT INTENDED AS PUNISHMENT. SUPERVISORY STAFF SHALL BE RESPONSIBLE FOR ENSURING ALL STAFF RESPECT IN-MATES PROPERTY DURING ANY CELL SEARCH, AND PROPERLY DOCU-MENT ALL ITEMS CONFISCATED. A COPY OF THIS WORKSHEET WILL BE GIVEN TO THE CELL OCCUPANT WHEN THE SEARCH IS COMPLETED.

DA# 07040144                            Agency:  PBSP

                                        SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                          Plaintiffs,          **COMPLAINT**

            vs.

THEOPRIC BLOODSAW, P-20045

                          Defendant.

     The DISTRICT ATTORNEY of the County of Del Norte, State of
California, hereby charges the DEFENDANT with having committed, in the
County of Del Norte, the crime of:


COUNT 1.
**BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the
Penal Code, a felony.**
     On or about April 12, 2007, the Defendant did willfully and
unlawfully being a person confined in a state prison of this state,
commit a battery upon the person of Correctional Officer J. Thom , an
individual who is not himself a person confined therein.(Kicked in Knee)


COUNT 2.
**RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal
Code, a FELONY.**
     On or about April 12, 2007, the Defendant did willfully, unlawfully
and knowingly resist executive officers, to-wit: Correctional Officers
J. Thom and T. Holmes, in the performance of their duty by the use of
force and violence .

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

   It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

   It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

   It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

   I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

_____

**Katherine Micks, DEPUTY DISTRICT ATTORNEY**

FILED

MAY 30 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1    MICHAEL D. RIESE
     DISTRICT ATTORNEY
2    Courthouse - 450 H Street
     Crescent City, CA 95531
3    Telephone: (707) 464-7210

4                    SUPERIOR COURT, OF CALIFORNIA

5                        COUNTY OF DEL NORTE

6
     PEOPLE OF THE STATE OF CALIFORNIA,          CASE NUMBER:
7                       Plaintiff,                 CRPBCT-5089

8                                                ORDER FOR TRANSPORT
          vs.                                    VIDEO

9
     THEOPRIC BLOODSAW, P-20045                  COURT DATE: May 31, 2007
10                     Defendant.                TIME: 8:00 a.m.

11   TO THE WARDEN OF PELICAN BAY STATE PRISON:

12        IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
13   court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
     State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14   Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

15   IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
     Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16   DATED:_____ MAY 3 0 2007       _____
                                      JUDGE OF THE SUPERIOR COURT
17
                                      *WILLIAM H FOLLETT*

18

19

20

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF | 5 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| | | PBP-B08-07-04-0144 | April 12, 2007 | 1855 hours |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | | | | USE OF FORCE |
|---|---|---|---|---|---|---|---|---|---|
| PBSP | B | ☐ I  ☐ II<br>☐ III  ☒ IV | B-8 | Rotunda | ☐ ASU ☐ SHU ☐ PSU<br>☐ SNY ☐ PHU ☐ CTC<br>☒ GP  ☐ RC | SEG YARD<br>☐ ASU ☐ WA<br>☐ RM | | | ☒ YES  ☐ NO |

**SPECIFIC CRIME / INCIDENT**

☒ CCR    ☐ PC    ☐ N/A

BATTERY ON A PEACE OFFICER

NUMBER/SUBSECTION:    3005 (c)

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUESTED | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO | ☐ YES ☒ NO | ☒ YES ☐ NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | | |
|---|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING# | EFFECT # | TYPE: | NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND | |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD | |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER | |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM | |
| | ☐ KNIFE | | LAUNCHER: | | | STINGER: | |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) | |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) | |
| ESCAPES | ☐ SPEAR | | ☐ 40 MM | | | EXACTIMPACT | |
| | ☐ SLASHING INSTRUMENT:  (TYPE) ___ | | ☐ 40 MM MULTI | | | CTS 4557 | |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT:  (TYPE) ___ | | ☐ HFWRS | . | | XM 1006 | |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: | |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID | | ☐ EXPANDABLE BATON | | | ☐ OC | |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | | ☐ CN | |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS | |
| | | | ☐ OTHER: | | | ☐ N/A | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: ___ | | | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | ☒ N/A | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

**SUSPECTS:** BLOODSAW, P-20045, B8-101L

**VICTIMS:** Officer J. Thom, Officer T. Holmes

COMPLETE SYNOPSIS / SUMMARY ON PART A1

Reviewed By:   Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| R. Tupy | Lieutenant | N/A | 55479 |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|---|
| | | 7953 | 04/12/2007 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |
|---|---|---|---|
| ROBERT A. HOREL | | Warden | |

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA

**PART A1 – SUPPLEMENT**

CDCR 837 – A1 (07/05)

| PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|----|

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

TYPE OF INFORMATION

☒ SYNOPSIS/SUMMARY OF INCIDENT  ☐ SUPPLEMENTAL INFORMATION  ☐ AMENDED INFORMATION  ☐ CLOSURE REPORT

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | Reviewed By: Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT, A. . | Correctional Sergeant |
| | | CHAPMAN, C. . | Correctional Officer |
| | | HOLMES, T. . | Correctional Officer |
| | | NORTHRUP, L. . | Corrrectional Officer |
| | | SILVA, J. . | Correctional Officer |
| | | THOM, J. . | Correctional Officer |
| | | WADSWORTH, T. . | Correctional Officer |
| | | KEYS, J. . | MTA |

H8 84 ¥ 200
5 80 25

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE  S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE  S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s)C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | | | | | |
| ☐ PHYSICAL | | NO: | NO: | TYPE: | | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | | ☐ 40 MM | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ L8 | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE ☒ N/A | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ OTHER | ☐ YES ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| A. Pepiot | Sergeant. | 64308 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C  (Rev. 07/05)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|----|----|---------------------|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|------------|-------|----|----|----|
| HOLMES | T. | R. | 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|----------------------|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|-------|-----------|----------------------------------|--------------------|----|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE V-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|-----------|-----------|-----------|-----------|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O T. WADSWORTH | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | (S) C/O L. NORTHRUP | (S) C/O J. SILVA | | |
| ☐ VICTIM | (S) C/O C. CHAPMAN | | | |
| ☐ CAMERA | (S) SGT. A. PEPIOT | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|-------------------|------|------|------|------|------|------|
| ☐ WEAPON | | NO: | | NO: | TYPE: | TYPE: |
| ☒ PHYSICAL | | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC |
| ☐ NONE | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ LB | | | ☐ CS |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☒ PHYSICAL | ☒ N/A | | ☐ BATON | | | ☒ N/A |
| ☐ CHEMICAL | | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---------------------------|---------------------|---------------------|-----------|-----|
| ☐ YES | | ☒ N/A | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|-------------------------|----------------------|--------------------------------------|----------------|----------------------------|
| ☒ YES | SPRAINED RIGHT RING FINGER ☐ N/A | B-FACILITY MEDICAL CLINIC ☐ N/A | ☐ BODILY ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER _____ | ☒ YES<br>☐ NO |
| ☐ NO | | | | |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

⌖ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|------------------------------|-------|---------|------|
| T. Holmes | C/O | 66538 | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|-----------------------------------------------|---------------|----------|----------------------|------|
| A. Pep.ot  SGT  Pepiot | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

Distribution　Original: Incident Package　Copy: Reporting Employee　Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C1 – SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|----|

| NAME: LAST | FIRST | MI |
|------------|-------|-----|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONEDNEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP. AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | DATE 4/12/07 |
|------------------------------|-----------|---------------|--------------|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot  SGT  Pepiot | DATE RECEIVED 4-12-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:  Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBP-08-07-04-0144

| NAME: LAST Northrup | FIRST L | MI W | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 371620 | POSITION B-7 floor | YEARS OF SERVICE 4 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B-8 |
|---|---|---|---|---|

| RDO's 5/5 | DUTY HOURS 14-2200 | DESCRIPTION OF CRIME / INCIDENT: Battery on Peace Officer | CCR SECTION / RULE 3005 (C) □ |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. A. Pepiot (S) | |
| ☒ RESPONDER | C/o T. Holmes (S) | |
| ☐ WITNESS | C/o J. Thom (S) | |
| ☐ VICTIM | C/o C. Chapman (S) | |
| ☐ CAMERA | C/o T. Wadsworth (S) | |

**FORCE USED BY YOU**
☐ WEAPON
☒ PHYSICAL
☐ CHEMICAL
☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

NO: ___
☐ MINI-14 ___
☐ 9 MM ___
☐ 38 CAL ___
☐ SHOTGUN ___

NO: ___  TYPE: ___
☐ 37 MM ___
☐ 40 MM ___
☐ L8 ___
☐ 40 MULTI ___
☐ HFWRS ___
☐ BATON ___
☒ N/A

**CHEMICAL AGENTS USED BY YOU**
TYPE: ___
☐ OC
☐ CN
☐ CS
☐ OTHER: ___
☒ N/A

**FORCE OBSERVED BY YOU**
☐ WEAPON
☒ PHYSICAL
☐ CHEMICAL
☐ NONE

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: ___ | ☐ YES ☒ NO |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and belligerent while arguing. He began to yell obscenities at C/o Thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home" As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 65647 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot Sgt | DATE RECEIVED 4-12-07 | APPROVED ☐ YES ☐ NO  CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST  Northrup

FIRST  L

MI  W

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/o Holmes, still inside the office, when I heard C/o Thom yell "get down". I immediately ran out of the office behind C/o Holmes and observed C/o Thom and I/m Bloodsaw clenched together struggling. C/o Holmes was in front of me and grabbed Bloodsaws upper body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking his feet up and down and back and forth. C/o Thom and C/o Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs. I heard C/o Holmes order Bloodsaw to "Cuff up", "give me your arm" and continued to struggle before placing him in handcuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/o C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard Sergeant A. Pediot say "get him up, take him to the hobby shop." C/o Holmes was on his left side with C/o Thom on his right side. They assisted Bloodsaw to his feet when C/o Chapman and C/o T. Wadsworth took over the escort. They escorted Bloodsaw out of B-8. this concludes my involvement in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
A.W. ___

TITLE  C/o

BADGE #  65647

DATE  4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)

DATE RECEIVED  4-12-07

APPROVED  [ ]YES  [ ]NO

CLARIFICATION NEEDED  [ ]YES  [ ]NO

DATE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: P3P-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4·12·07 | 1855 |

| POST# | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years 1 Months | 4·12·07 | B8 - Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| 5/5/H | 0600/1400 | Battery on a Peace Officer | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) C/O T. Holmes | (S) I/m Bloodsaw R20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

**FORCE USED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| NO: | | NO: | TYPE: |
|---|---|---|---|
| ☐ MINI-14 | ☐ 37 MM | | |
| ☐ 9 MM | ☐ 40 MM | | |
| ☐ 38 CAL | ☐ L8 | | |
| ☐ SHOTGUN | ☐ 40 MULTI | | |
| | ☐ HFWRS | | |
| ☒ N/A | ☐ BATON | | |

**CHEMICAL AGENTS USED BY YOU**

TYPE:
- ☐ OC
- ☐ CN
- ☐ CS
- ☐ OTHER: ___
- ☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES ☐ NO | Cut on right Hand and left wrist, Pain in right Knee ☐ N/A | ☐ N/A | ☒ N/A ☐ BODILY ☐ UNKNOWN ☐ OTHER: ___ | ☒ YES ☐ NO |

**NARRATIVE:** On 4·12·07 at approximately 1855 hours Correctional Officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/O | 45669 | 4·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Propirt SGT | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

7486 27
40 178 30
6

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **2** OF **2**

| INCIDENT LOG NUMBER |
| --- |
| PBP-B08-07-04-014 |

| NAME: LAST | FIRST | MI |
| --- | --- | --- |
| Thom | James | C |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT  ☐ CLARIFICATION OF REPORT  ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took a step towards me. I grabbed Bloodsaw by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling ~~down~~ Bloodsaw down with the help of C/o Holmes we placed Bloodsaw on the floor in a prone position. Bloodsaw continued to fight refusing numerous orders to cuff up. I pulled Bloodsaw's right arm behind his back so C/o Holmes could place Bloodsaw in Handcuffs. It should be noted that before the leg irons were placed on Bloodsaw's legs he kicked me in the right knee. C/o's C. Chapman and T. Wadsworth escorted Bloodsaw to the Hobby shop. I was seen by medical staff for injuries to my hands and right knee A 7219 Form was completed. This ends my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF J. C. Thom | TITLE C/o | BADGE # 45669 | | DATE 4.12.07 |
| --- | --- | --- | --- | --- |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__    INCIDENT LOG NUMBER: PBP-BOP07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 CONTROL | 4 Years ___ Months | 4-12-07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 14-2200 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM    (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | |
| ☒ WITNESS | (S) L. NORTHRUP | |
| ☐ VICTIM | (S) T. WADSWORTH | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | NO: ___   NO: ___  TYPE: ___ | TYPE: ___ |
| ☐ PHYSICAL | ☐ MINI-14 ___  ☐ 37 MM ___ | ☐ OC ___ |
| ☐ CHEMICAL | ☐ 9 MM ___  ☐ 40 MM ___ | ☐ CN ___ |
| ☒ NONE | ☐ 38 CAL ___  ☐ L8 ___ | ☐ CS ___ |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN ___  ☐ 40 MULTI ___ | ☐ OTHER: ___ |
| ☐ WEAPON | ☐ HFWRS ___ | ☒ N/A |
| ☐ PHYSICAL | ☒ N/A  ☐ BATON | |
| ☐ CHEMICAL | | |
| ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: ___ | ☒ NO |

**NARRATIVE:**

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES, AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION. OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DESRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| SGT [signature] | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

263 88 340
79 92 180 28

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _2_ OF _2_

INCIDENT LOG NUMBER
PBP-B C8-07-04-0144

| NAME: LAST | FIRST | MI |
|---|---|---|
| SILVA | J. | B |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I
IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO
THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR
RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW.
OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH HE
APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN
RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD
BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED
MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|---|---|---|---|---|
| J. Silva | C/O | 67266 | | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 1

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-014 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 375568 | B-5 control | 4 Years 2 Months | 04·12·07 | BRAVO-8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW    P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | |
| ☐ WITNESS | L. NORTHRUP C/O | |
| ☐ VICTIM | T. WADSWORTH C/O | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|

| FORCE USED BY YOU | | | |
|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** | **TYPE:** |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | |
| FORCE OBSERVED BY YOU | ☐ 38 CAL | ☐ L8 | |
| | ☐ SHOTGUN | ☐ 40 MULTI | |
| ☐ WEAPON | | ☐ HFWRS | |
| ☐ PHYSICAL | | ☐ BATON | |
| ☐ CHEMICAL | ☒ N/A | | |
| ☒ NONE | | | |

CHEMICAL AGENTS USED BY YOU       **TYPE:**
☐ OC
☐ CN
☐ CS
☐ OTHER:
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☐ YES ☒ NO |

NARRATIVE: ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C/O C. Chapman | C/O | C7045 | 04·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Tepot SGT / Tepot | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER
PBP-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| WADSWORTH | T | P | 4-12-07 | 1855 |

| POST # 37/621 | POSITION B7 FLOOR #2 | YEARS OF SERVICE 12 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B8 ROTUNDA |
|---|---|---|---|---|
| 271579 | | | | |

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER | CCR SECTION / RULE 3005 (c) | ☐ |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW P-20045 |
| ☒ RESPONDER | (S) T. HOLMES C/O | B8-101L |
| ☐ WITNESS | (S) L. NORTHRUP C/O | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** **TYPE:** | **TYPE:** |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ | ☐ OC ___ |
| ☒ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ | ☐ CN ___ |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ | ☐ L8 ___ | ☐ CS ___ |
| ☐ WEAPON | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | ☐ OTHER: ___ |
| ☐ PHYSICAL | | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | ☒ N/A |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: ON THURSDAY, APRIL 12ᵗʰ 2007 AT APPROXIMATELY 1855 HOURS WHILE WORKING AS B7 FLOOR OFFICER #2, I RESPONDED TO A PERSONEL ALARM IN UNIT B8. AS I ENTERED THE ROTUNDA AREA OF B8, I OBSERVED THREE OFFICERS AND ONE INMATE ON THE FLOOR NEXT TO HOLDING CELL NUMBER TWO. OFFICER J. THOM WAS HOLDING THE UPPER RIGHT LEFT SIDE OF INMATE BLOODSAW P-20045 AGAINST THE FLOOR. OFFICER T. HOLMES WAS HOLDING THE UPPER RIGHT SIDE OF BLOODSAW AGAINST THE FLOORE. OFFICER L. NORTHRUP WAS HOLDING BLOODSAWS LEGS DOWN. I NOTICED THAT BLOODSAW HAD ALREADY BEEN PLACED IN HANDCUFFS, WHEN OFFICER C. CHAPMAN PLACED LEG RESTRAINTS ON BLOODSAW. OFFICER C. CHAPMAN AND MYSELF ESCORTED BLOODSAW OUT OF THE UNIT AND PLACED HIM

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF T. W__ | TITLE C/O | BADGE # 49538 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pep. of SGT / Pep.of | DATE RECEIVED 4/12/07 | APPROVED ☒ YES ☐ NO  CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP- B08-07-04-0144

NAME: LAST
WADSWORTH,

FIRST
T

MI
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
T. W—

TITLE
C/O

BADGE #
49538

DATE
4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)

DATE RECEIVED

APPROVED
☐ YES  ☐ NO

CLARIFICATION NEEDED
☐ YES  ☐ NO

DATE

3037 / / / Case 368
92 / / / 96   34 / / 37

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
# OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| PBSP | B 8 | (USE OF FORCE) | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 4-12-07 |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | Bradshaw | Theartic | P20045 | B8-101 | |
| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| | | | | | | |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| B8 Rotunda | 4-12-07 - 1855 | Custody Staff |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | | AGE | RACE | SEX |
|---|---|---|---|---|---|---|---|
| 1855 | 1900 | | (AMBULATORY) LITTER WHEELCHAIR ON SITE | | 48 | B | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurt"  "My Knee hurts"

| INJURIES FOUND? YES/NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES/(NO) |
|---|---|
| DECONTAMINATED? | YES/NO |
| Self-decontamination instructions given? | YES/(NO) |
| Refused decontamination? | YES/(NO) |
| Q 15 min. checks | N / A |
| Staff issued exposure packet? | YES/(NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Bales RN/1920 | N/A |

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| 2010 / Returned to cell from CTC, (Non-CCCMS patient) | J. Kern / [signature] MTA | 71765 | M/T |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDCR 7219 (Rev. 11/05)    DISTRIBUTION:    ORIGINAL - CUSTODY    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator

STATE OF CALIFORNIA                                     DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**      CCCMS NO   GPL 3.80
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| **BLOODSAW** | P-20045 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007 a decision was made to place you in the Administrative Segregation Unit (AD-SEG) The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thom. Due to the lack of bed space in ( AD-SEG ) you will be confined to quarters until bed space is available. You were not placed into ( AD-SEG ) until _4-13-07_
You will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:   / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-13-07 | R. TUPY | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4-13-07 | | R. Mozukk C/O | R. Mozukk | C/O |

[X] INMATE REFUSED TO SIGN    INMATE SIGNATURE       CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)                  INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

**IS THIS INMATE:**

| | | | |
|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment                                  Any "NO" may require IE assignment

[ ] NOT ASSIGNED                           [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

# Memorandum

Date : May 4, 2007

# DA REFERRAL
## (DETAINER)

To   : M. D. Yax
       Associate Warden
       Central Services

From : Department of Corrections and Rehabilitation
       Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBP-B08-07-04-0144

On April 12, 2007, inmate **BLOODSAW, P20045,** committed the following violation of the California Penal Code Section:

| | |
|---|---|
| **69** | **Resisting or Deterring an Officer** |
| **4501.5** | **Battery Upon a Person not a Prisoner** |

As of May 4, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

# Memorandum

Date    :    June 7, 2007

# DA ACCEPTED

To    :    M. D. Yax
Associate Warden
Central Services

From    :    Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :    **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

**69**        **Resisting or Deterring an Officer**

**4501.5**        **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I    4501.5 Battery Upon a Person not a Prisoner**

**COUNT II  69        Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date : November 6, 2007

## DA DISMISS
### (AND DETAINER REMOVAL)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

| | |
|---|---|
| **69** | **Resisting or Deterring an Officer** |
| **4501.5** | **Battery Upon a Person not a Prisoner** |

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

| | | |
|---|---|---|
| **COUNT I** | **4501.5** | **Battery Upon a Person not a Prisoner** |
| **COUNT II** | **69** | **Resisting or Deterring an Officer** |

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

97.43. 37
34   42

Space Below for use of Court Clerk Only

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA  95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

**ENDORSED**
FILED

OCT 26 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE**

450 H Street, Crescent City, CA

THE PEOPLE OF THE STATE OF CALIFORNIA /

                  v.                 /    CASE NUMBER: **CRPB07-5089**

**THEOPRIC BLOODSAW**(P-20045)    /    **REQUEST FOR DISMISSAL**

                  Defendant    / Next Court Date: 11/1/2007

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

                              MICHAEL D. RIESE
                              DISTRICT ATTORNEY

                              By:   Katherine Micks
                                    Deputy District Attorney

**IT IS SO ORDERED**

Dated: _OCT 2 6 2007_              Robert W. Weir
                              Judge of the Superior Court

PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Del Norte. I am over the age of eighteen years and not a party to the within above entitled action; my business address is 450 H Street, Crescent City, California, 95531.

On October 24, 2007, I served the within **REQUEST FOR DISMISSAL** in this action by delivering to and leaving with the following persons in the County of Del Norte, State of California, a true copy thereof, to wit:

Law Office of **George Mavris, *via clerk's receptacle.***

I, H. Diane Collins, declare, under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2007, at Crescent City, California.

H. Diane Collins





CHASER Pre Extracted Civil Docket as of February 27, 2003 9:25 pm
TERMED TRANSF

# U.S. District Court

| * Parties * | * Attorneys * |
|---|---|
| U.S. District for the Northern D<br>CIVIL DOCKET FOR C | strict of California (San Jose)<br>SE #: 00-CV-20505 |
| Bloodsaw v. Woodford Filed: 04/24/00<br>Assigned to: Judge Jeremy Fogel<br>Demand: $0,000 Nature of Suit: 530<br>Lead Docket: None Jurisdiction: Federal Question<br>Dkt# in other court: None | |
| Cause: 28:2254 Petition for Writ | of Habeas Corpus (State) |
| THEOPRIC KENT BLOODSAW<br>Plaintiff | Theopric Kent Bloodsaw<br>[COR LD NTC] [PRO SE]<br>Booking No. 7475221<br>BKS No. F1,7000 Dorm C-7196<br>441 Bauchet Street<br>Los Angeles, CA 90012 |
| v. | |
| J.S. WOODFORD, Warden<br>defendant | |

## Docket Proceedings

| Date | Doc # | Docket Entry |
|---|---|---|
| 04/24/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 4/24/00 () ; [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 04/24/00 | 1 | IN FORMA PAUPERIS AFFIDAVIT by Plaintiff Theopric Kent Bloodsaw for leave to proceed in forma pauperis [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 05/02/00 | 2 | DECLINATION to proceed before magistrate by Plaintiff Theopric Kent Bloodsaw [3:00-cv-01398] (ga) [Entry date 05/04/00] |
| 05/03/00 | 3 | ORDER by Mag. Judge Maria-Elena James of impending reassignment to a United States District Judge () (cc: all counsel) [3:00-cv-01398] (ga) [Entry date 05/05/00] |
| 05/10/00 | 4 | ORDER by Assignment Committee Case reassigned to Judge Jeremy Fogel referred to Judge Jeremy Fogel the affidavit motion for leave to proceed in forma pauperis [1-1] () (cc: all counsel) [3:00-cv-01398] (ga) |
| | | |

| 05/18/00 | 5 | ORDER by Judge Jeremy Fogel to transfer case to Dist of: Central District of California ; appeal filing ddl 6/26/00 ( Date Entered: 5/25/00) (cc: all counsel) [5:00-cv-20505] (gm) [Entry date 05/25/00] |
| --- | --- | --- |
| 06/09/00 | 6 | RECEIPT from Central District of California [5:00-cv-20505] (gm) [Entry date 06/13/00] |
| 06/20/00 | 7 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) [Entry date 06/22/00] |
| 02/27/03 | 8 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) |

[END OF DOCKET: 5:00cv20505]

HABEAS, CLOSED, TRANSF

# U.S. District Court
## California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:04-cv-00752-JF
Internal Use Only

Bloodsaw v. Woodford et al
Assigned to: Hon. Jeremy Fogel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/23/04
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Theopric K. Bloodsaw**                    represented by **Theopric K. Bloodsaw**
                                            P20045
                                            D4-CELL 106
                                            California State - LAC
                                            44750 60th St. West
                                            Lancaster, CA 93536-7619
                                            PRO SE

V.

**Defendant**

**J. S. Woodford**

**N. Grannis**

https://ecf.cand.circ9.dcn/cgi-bin/DktRpt.pl?7499790765S8086-L_795_

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2004 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ TFPP) Filed by Theopric K. Bloodsaw. (lrd, COURT STAFF) (Filed on 2/23/2004) (Entered: 02/27/2004) |
| 02/23/2004 |  | MOTION for Leave to Proceed in forma pauperis filed by Theopric K. Bloodsaw. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 02/23/2004 |  | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 03/04/2004 | 4 | ORDER TRANSFERRING CASE to Central District of California. Signed by Judge Jeremy Fogel on 3/4/2004. (gm, COURT STAFF) (Filed on 3/4/2004) (Entered: 03/05/2004) |

3/5/2004 11:19 A

Filed

MAR - 4 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEOPRIC K. BLOODSAW,            )       No. C 04-0752 JF (PR)
                                 )
            Plaintiff,           )       ORDER OF TRANSFER
                                 )
    vs.                          )
                                 )
J.S. WOODFORD, et al.,           )
                                 )
            Defendants.          )
_____  )       (Doc # 2)

    This is a civil rights case brought pro se by a state prisoner. Plaintiff is currently
incarcerated at California State Prison - Los Angeles County located in Lancaster,
California. Plaintiff claims he is incarcerated illegally by the California Department of
Corrections. Plaintiff was convicted in Los Angeles County in 1997. The Court
construes Plaintiff's complaint as a petition for a writ of habeas corpus, challenging the
legality of his conviction and sentence. Therefore, the instant case will be transferred to
the Central District of California, the location of Plaintiff's conviction and his
confinement. This case is therefore TRANSFERRED to the United States District Court
for the Central District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

1    In view of the transfer, the Court will not rule on Plaintiff pending motion for leave to

2    proceed in forma pauperis (doc # 2).  The Clerk shall terminate all pending motions and

3    transfer the entire file to the Central District of California.

4         IT IS SO ORDERED.

5    DATED: _____                    _____

6                                              JEREMY FOGEL
                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



P250

1   This is to certify that on ___3-4-04_____, a copy of this ruling
    was mailed to the following:

2

3   Theopric K. Bloodsaw
    P-20045
4   CSP - Los Angeles
    44570 60th
5    Street West
    Lancaster, CA  93536-7619

6

7

8

9

10

11

12

13,

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEPUTY DAILY WORKSHEET        11/28/02 0111

STATION: LNX

UNIT: 31A      SHIFT: D   DATE: 11/08/02    0600 - 1400      CLASS: 2      TYPE: P

\# 470671 SATO BRADLEY J                    O/T:        O/T PA:
\# 260296 HOODYE SEAN C                      O/T:
VEH: SD2337    MILES: ( 39824 -> 39845 ) :  21        MOBILE: 15793
SPEC EQP: SG 9 TAZER 4

PORTABLES: 18472                    18473

ARRESTS /FEL-MA:      FA:      MJ:      FJ:      CITS/HZ:      NHZ:      PKG:
         /MSD-MA:     FA:      MJ:      FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480    TT: 9      HDL: 209    WRT: 0      PTL: 252    UNALLOC: 10      RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 | | O | R | | 60 | | |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 | | C | P | | 2 | | |

LOC: 1358 97TH ST,LA
CLR: 772  Assist CHP
NARR: CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 | 9 | | P | 2 | 8 | | |

LOC: 10910 WILTON PL,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 | 9 | | E | 7 | 19 | | |

LOC: 2041 CULLIVAN ST,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
      AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 | | 1150? | 1200? | 1400? | 0372 | | O | R | | 120 | | |

LOC: CENTURYBL/LA SALLE AV,LA
CLR: 283  WARRANTS: Felony, In County
NARR: CONT THEO MB/A WAS COMBATIVE AGAINST US.CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
      WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT · LENNOX STATION 11/28/02

TITLE · NAME        EMPLOYEE NUMBER

UNIT HISTORY REPORT                Page 1 of 2
                              LENNOX

```
Unit: 31A        Shift: 2        Shift Date: 11/08/02
/0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
4,15793,18472,18473,,,,,,,,,,,,,,, <000>
/0542* MDTON (470671) MDT01639 <000>
/0543* ** ASSIGN/D (470671) LNX02312-0037 R/924B VEH PREP/BRIEF <000>
/0543* 10/97 (470671) LNX02312-0037 <000>
/0711* 10/98 (470671) LNX02312-0037 <000>
/0711* CLEAR (470671) ,LNX02312-
0037,,754,,,,,,,,,,0370,,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0715  ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA
/0718* ACK (470671) LNX02312-0056 <000>
/0745* ENR (470671) LNX02312-0056 <000>
/0745* 10/97 (470671) LNX02312-0056 <000>
/0747* 10/98 (470671) LNX02312-0056 <000>
/0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,,CHP ON SCENE CODE
4,,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,,, <000>
/0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,,M,B,,,,,042371,,,,,,,,,,, <000>
/0800  HIT () IW S 470671 MDT0 ,CA0190099 ,HAVEN DENNIS , M B ,000 000 042371 000 CA ,
00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N HAVEN DENNIS VANBURE ,M B 122371 600
240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA ,617471219420 RSTR A3887553
CA ,W M 40508A/VC M ,4000A1X/VC I * ,4RWL898 CA , ,
/0802  ACK (297076) HIT
/0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,M,B,,,,,033181,,,,,,,,,,, <000>
/0813  HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
EYE/BRO HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
/0813  ACK (195863) HIT
/0815  INQ (195863) VEH,31A,,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,X
/0815  ACK (195863) RESP
/0816  ACK (195863) RESP
/0817  ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA
/0817* ACK (470671) LNX02312-0067 <000>
/0821* ENR (470671) LNX02312-0067 <000>
/0823* 10/97 (470671) LNX02312-0067 <000>
/0831* 10/98 (470671) LNX02312-0067 <000>
/0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>
/0849  ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA
/0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D
/0849  ACK (409547) LNX02312-0068
/0849* ENR (470671) LNX02312-0068 <000>
/0856* 10/97 (470671) LNX02312-0068 <000>
/0923* INQ (470671) VEH,2HMB760,CA,,,,,,,,, <000>
/0927* INQ (470671) WANT9,,CA,BLOGSHAW,FLOYD,LEE,,,,,M,B,,,,,062458,,,,,,,,,,, <000>
/0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,M,B,,,,,062458,,,,,,,,,,, <000>
/0929  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/0929  ACK (277125) HIT
/1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,,M,B,,,,,062457,,,,,,,,,,, <000>
/1024  HIT () IW S 470671 MDT0 ,CA0190099 ,BLOODSHAW THEOPRIC , M B ,000 000 062457
000 CA , 00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N BLEDSOE WILLIAM T JR ,M X
```

50
48
52
53

Report Date: 11/28/02

UNIT HISTORY REPORT
LENNOX

Page 2 of 2

Unit: 31A        Shift: 2      Shift Date: 11/08/02

010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA  ,SD10539619800 RSTR
B0306426 CA ,W M 8537/PC M ,640B1/PC M  ,PED CA  ,  ,
/1024  HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND
DANGEROUS ** **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL
NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL
FCN/7040224901563 NIC/W881192088 ENTERED/CALIF-NCIC CII/A08953256 FBI/496721PA9
                     IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-
ID/WARRANTS MNE/CRN0  TELEPHONE 916 445-6713   CHECKING NCIC  INQUIRY MADE TO
RESTRAINING ORDER SYSTEM
/1024  HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED
    SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150
BRO BLK   OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE
DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID
WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916
227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO
/1024  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>

/1157  URN () 402-11595-0399-053

/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>

/1157* HOLD (470671) LNX02312-0068 <000>

/1157* 10/97 (470671) LNX02312-0126 <000>

/1157* 10/15 (470671) <000>

/1433* 10/98 (470671) LNX02312-0068 <000>

/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT
BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM
CHRONIC,EMPHASYMA.,0373,,,,,0915,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ...,NO 927H C-
4..,,,0373,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1440* 10/98 (470671) LNX02312-0126 <000>

/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST
US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR
INJURIES.,,,,0372,00,,,1150,1200,1045,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1442* CHGENDMILES (470671) 000000 -> 39845 <000>

/1442* CHGPATROL (470671) /000 -> 06/252 <000>

/1442* LOGOFF (470671) <000>

/1442* MDTOFF (470671) <000>

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

551
57
50

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3 COUNT(S).

Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.

_____

DECLARANT AND COMPLAINANT

...........................................................................................................................................................

STEVE COOLEY, DISTRICT ATTORNEY

BY: _____
VICTORIA L. ADAMS, DEPUTY

AGENCY: LASD - LENNOX PATROL          I/O: MARK DET. RENFROW          ID NO.: 274578    PHONE : 310-671-7531

DR NO.: 402-11595-0399-053          OPERATOR: DCS          PRELIM. TIME EST.: 2 HOUR(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY RTN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.



## FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

THEOPRIC KENT BLOODSAW

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW          _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given.  Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW          _____ in Dept _____

at: _____ A.M.

Date: _____          _____
                              *Committing Magistrate*

H6 #52
#4 54 57
56

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> 01 THEOPRIC KENT BLOODSAW  (6/24/1957) (Bk# 7475221), <br>    aka JONATHON BLEDSOE, <br>    aka KENT THEOPRIC, <br>    aka LARRY BOWMAN, <br>    aka MARK BLOODSAW, <br>    aka THEO BLOODSAW, <br>    aka THEOPRIC BLOODSHAW, <br>    aka THEOPRIC BLOODSOE <br><br>                   Defendant(s). | CASE NO. YA053506 <br><br> *I N F O R M A T I O N* <br><br> Arraignment Hearing <br> Date: 12/18/2002 <br> Department: SW G |

## INFORMATION
## SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d) <br> PC 667(a)(1) <br> PC 667.5(b) | MSP Check Code <br> +5 yrs per prior <br> +1 yr. per prior |
| 2 | PC 243(c)(2) | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d) <br> PC 667(a)(1) <br> PC 667.5(b) | MSP Check Code <br> +5 yrs per prior <br> +1 yr. per prior |
| 3 | PC 422 | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d) <br> PC 667.5(b) | MSP Check Code <br> +1 yr. per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:



COUNT 1


On or about November 8, 2002, in the County of Los Angeles, the crime of ASSAULT UPON

PEACE OFFICER OR FIREFIGHTER, in violation of PENAL CODE SECTION 245(c), a Felony, was

committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully commit an assault with

a deadly weapon and instrument and by force likely to produce great bodily injury upon the person of

DEP. SEAN HOODYE when said defendant(s), THEOPRIC KENT BLOODSAW knew and should have

known that said person was a peace officer then and there engaged in the performance of his/her duties .

"NOTICE:   The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal

Code section 296.  Willful refusal to provide the specimens and samples is a crime."


\* \* \* \*


COUNT 2


On or about November 8, 2002, in the County of Los Angeles, the crime of BATTERY WITH

INJURY ON A PEACE OFFICER, in violation of PENAL CODE SECTION 243(c)(2), a Felony, was

committed by THEOPRIC KENT BLOODSAW, who did unlawfully use force and violence and inflict an

injury upon the person of DEP. BRAD SATO when said defendant(s), THEOPRIC KENT BLOODSAW

knew and reasonably should have known that said person was a peace officer then and there engaged in

the performance of duty.

"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal

Code section 296.  Willful refusal to provide the specimens and samples is a crime."


\* \* \* \*

COUNT  3

On or about November 8, 2002, in the County of Los Angeles, the crime of CRIMINAL THREATS, in violation of PENAL CODE SECTION 422, a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to DEP. SEAN HOODYE, with the specific intent that the statement be taken as a threat.    It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to DEP. SEAN HOODYE a gravity of purpose and an immediate prospect of execution.    It is further alleged that the said DEP. SEAN HOODYE was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and  667(b) through (i) as to count(s) 1, 2, and 3 that said defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|-------------|------------|-----------------|-------|-----------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):



| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|---|---|---|---|---|---|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

THIS INFORMATION CONSISTS OF 3 COUNT(S).

STEVE COOLEY
DISTRICT ATTORNEY
County of Los Angeles,
State of California


BY: _____
    LAURIE BLAUSTEIN
    DEPUTY DISTRICT ATTORNEY          Filed in Superior Court,
                                      County of Los Angeles

/DCS                                  DATED: _____


Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

LEGAL STATUS SUMMARY   TYPE - D          *****INMATE'S COPY*****

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT | BLA | 06/24/1958 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 06/11/2003 | 11/27/2023 | 11/24/2019 | 11/27/2023 CxL | 11/24/2019 CxL |

PAROLE PERIOD
3 YRS

BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| YA053506 | 185 | | | | | 92 | | 28 | 305 |

REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED

---

| RECV DT/ | COUNTY/ | CASE | SENTENCE DATE | | CREDIT | OFFENSE |
|---|---|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | | | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE    (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --

| 6/11/2003 | LA | YA053506 | 5/13/2003 | NO STRIKES: 2 | | | |
|---|---|---|---|---|---|---|---|
| | 01 P667.5(B) | PPT-NV | | | | 3 | |
| | 01 P667(A) | 01 PFC SERIOUS | | | | 3 | |
| 01 P245(C) | ADW ON PO OR FIREMAN | | | | | 3 | 11/08/2002 |
| | (U)WPN | | | | | | |
| 02 P243(C)(2) | BATT ON PO | | | CS | | 3 | 11/08/2002 |
| | (U)WPN | | | | | | |
| 03 P422 | TERRORIST THREAT | | | CS | | 3 | 11/08/2002 |
| 04 P203 | MAYHEM | | | CS | | 3 | 11/08/2002 |
| | ATT | | | | | | |
| 05 P203 | MAYHEM | | | CS | | 3 | 11/08/2002 |
| | ATT | | | | | | |

NON-CONTROLLING OFFENSES:

| 11/24/1998 | LA | YA034031 | 11/16/1998 | | | |
|---|---|---|---|---|---|---|
| 01 H11350A | POSS CONTROL/SUB | | | | 1 | 08/15/1997 |
| | PR | | | | | |

---

| TRAN | | | | RULE | D A Y S | | | |
|---|---|---|---|---|---|---|---|---|
| TYPE | DATE | END DATE | LOG NUMBER | NUMBER | ASSESS | LOST | REST | DEAD |

| BEG | 11/24/1998 | ******BEG BAL******* | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ADD | 06/11/2003 | | YA053506 | | | | | |
| BCL | 10/23/2003 | | IV3100472 | 3062(H) | 30 | 30 | | |
| ADD | 06/11/2003 | | YA053506 | | | | | |

CURRENT PC BALANCE:     0          CURRENT BC BALANCE:   1464

****** CONTINUED *******

| CDC NUMBER | NAME |
|---|---|
| 54P20045 | BLOODSAW,THEOPRIC,KENT |

INMATE'S COPY

DEPARTMENT OF CORRECTIONS
**CALIFORNIA MEN'S COLONY**
SAN LUIS OBISPO, CA 93409

GRAY DAVIS, *Governor*



HEALTH INFORMATION SERVICES
CALIFORNIA MEN'S COLONY
P O BOX 8101
SAN LUIS OBISPO  CA  93409-8101

TO: *Theopric K. Bloodsaw*
*Ss # 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*

RE:  NAME: *Theopric R. Bloodsaw*
CDC#: *E 40947 – archives  2-12-96*
SSN#: *P 20045 – Reg II  8-9-02*
DOB: *6-24-58*
*6-24-58*

Receipt of a request for medical information on the above patient is acknowledged. Any items checked below are applicable to this request:

1. _____ The above-named inmate is no longer housed at this institution. He is currently at _____

_____

2. _____ The above-named inmate's medical records have been sent to his paroling region:

_____ Region I, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. *See P*

_____ Region II, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *See P*

✕ Region III, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

_____ Region IV, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

_____ California Correctional Facility, Aeorjet Campus, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. , *See E*

3. ✕ The inmate has been discharged from the Department of Corrections. His records are stored in our Archives Unit. Their address is:

California Department of Corrections
Departmental Archives Unit
Aeorjet Campus
2015 Aerojet Rd , *See O*
Rancho Cordova  CA  95742

Your request has been forwarded to the inmate's current institution, paroling region offices or Archives Unit. For future reference, make note of the address checked above and send all further inquiries to that institution.

Sincerely,

*Mr. Bloodsaw, under cdc # E 40947 your records*
*were sent to archives when you were discharged from*
*parole in 2-96. Under cdc# P 20045 your records*
*were forwarded to your parole region III. I*
*have forwarded your request to both*
*places so that you will receive*
*records from them both.*

Health Information Services,
Correspondence

medcorre.doc:rb:98

*Shanna, HRT I*



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 12/91)

| NO: | P-20045 | NAME: | BLOODSAW, Theopric | | HSG: | A2-109L |
|---|---|---|---|---|---|---|
| Custody: | CLO BS | CS: | 87 (IV) | C/C EFF 8/3/05 | Assignment: | U/A |
| RelDate: | EPRD 12/24/19 | Reclass: | 6/2006 | | Action: | AFFIX "S" SUFFIX; RETAIN C/C |

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C. Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)

S. WALCH/CCII(A)

RECORDER: M. THORNTON/CCI

CC: ☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐C&PR ☐OTHER _____
Committee Date: 10/18/05        (THORNTON/jw)        Classification        FAC-A  UCC/REVIEW

☒128-C2 in C-file
Inst: PBSP

orig.

**NO: P-20045**     **NAME:** BLOODSAW, Theopric

Custody: CLO BS     CS: 93 (IV)     C/C Eff. <u>07/14/04</u>

RelDate: EPRD 12/24/2019     Reclass: 10/25/06

**Housing:** B8-209

**Assignment:** VUN

**Action:**    PLACE IN BMU PROGRAM FOR 90 DAYS, ON STEP 1 OF ITP FOR 30 DAYS. CONTINUE C/C EFFECTIVE 07/14/06.

Inmate Bloodsaw appeared before PBSP FAC B BMU UCC on this date for Annual/Initial Review. Committee notes CDC 128C, Madrid Exclusionary chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: most current RGPL under 4.0. Committee notes S has an RGPL of 3.3. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. UCC notes latest RVR dated 03/28/05 for Refusal to Obey Orders (refused a cellmate). The Director's rules, PBSP expectations, and specific privileges and non-privileges of WG/PG C/C were thoroughly discussed and S stated he was willing to comply. Committee notes S has one new 115 this review period; fro Refusal to Obey Orders dated 02/23/06 (S refused to return to his assigned cell). Placement score is increased by 2 points to a current Level IV score of 93 points. Mandatory score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no cellmate, and the "S" suffix has previously been applied. S is approved for 270 design facilities. There have been changes in S's commitment case factors since Initial Classification chrono dated 03/02/04. **Committee acts to place S into the BMU program for 90 days and place on step # 1 of Individual Treatment Plan (ITP) for 30 days. S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Continue WG/PG C/C status effective 07/14/06, and continue at CLO BS custody. Committee also acts to retain "S" suffix due to UCC action dated 10/18/05. S adamantly refused to double cell. UCC notes S is reviewed and cleared for double celling although he refused to double cell.** S participated, acknowledged understanding, and disagreed with Committee action, stating "I won't take a cellie because of legal work and medical issues. I am here illegally. I am disabled, I have spine issues." UCC stated single cell status is not a ADA issue. S continued stating, "There is nothing wrong with me. I know what I am doing, but I am disabled. I could not care about the US." UCC stated you have to appeal to the courts. S lastly stated "I have been discriminated against as a Black man." UCC notes S walked unassisted to UCC, sat upright, straddling a chair, and did not grimace when he stood back up to exit the Committee room. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review.

CHAIRPERSON:   M. FOSS/AC     J. ROBERTSON/CCII     S. ROBERTS/EDUCATION     RECORDER: D. MELTON /CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:   09/21/06     (MELTON/ew)     Classification     **FAC-B BMU UCC**     **INITIAL REVIEW**     Inst: **PBSP**

NO: P-20045
Custody: CLO B
RelDate: EPRD 12/24/2019

NAME: BLOODSAW, Theopric
CS: 93 (IV)
Reclass: 01/31/07

C/C EFF: 07/14/04

BED/CELL: B8 –209
Assignment: BMU
Action: **REAFFIRM BMU PLACEMENT. RETAIN STEP # 1 OF ITP FOR 30 DAYS. CONTINUE WG/PG C/C EFFECTIVE 07/14/04. D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand. S was advised to notify staff immediately of any enemy situation that may arise. Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed. S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period. S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges** include, but are not limited to:

❖ WG/PG C/C status.

❖ Emergency telephone call only.

❖ One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖ A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; and with approved visitors only.

❖ If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.** S was reviewed and cleared for double celling, noting no history of in-cell violence. S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "i am nobody's child. I am 48 years old. I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary-free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP). S's case will be reviewed by UCC, in approximately 30 days for future program modifications. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not. Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)    J. BROWMAN/CCII (A)    S. ROBERTS/EDUCATION    RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07    (MELTON/ew)    Classification    BMU/UCC    PROGRAM REVIEW    Inst: PBSP

**CDCR#:** P-20045  
Custody: CLOB  
Rel Date: EPRD 12/24/2019

**NAME:** BLOODSAW, Theopric  
CS: 93 (IV)     C/C Eff. 07/14/04  
                Reclass: 02/27/07

Housing: B8-209L  
Assignment: BMU STEP #1  
**Action:** REAFFIRM BMU PLACEMENT  
90 DAYS. RETAIN ON STEP # 1  
30 DAYS. CONTINUE WG/PG  
C/C EFF. 07/14/04.  D/C CLEAR

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has an RGPL of 3.3. Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise. Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed. S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.** Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations. S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07. Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2. **Step # 1 Privileges include, but are not limited to:**

❖ WG/PG, C/C status for approximately 30 days.

❖ Emergency telephone calls only.

❖ One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

❖ A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody. S was reviewed and cleared for double-celling, noting no history of in-cell violence.** S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP). S's case will be reviewed in approximately 30 days to establish future program modifications. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with. S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand. Next 30 day Program Review will be on 02/27/07. Next Annual Review in 06/07.

**CHAIRPERSON:** M. FOSS/AC     **J. ROBERTSON/CCI I**     **S. ROBERTS/EDUCATION**     **RECORDER:** D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: **01/30/07**     (MELTON)     Classification     **BMU**/UCC     **PROGRAM REVIEW**     Inst: **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| NO: | P-20045 | NAME: BLOODSAW, THEOPRIC | | | | | | HSG: | ASU E1 |
|---|---|---|---|---|---|---|---|---|---|

Custody: MAX   PS: 119   Level: IV   WG/PG: D1/D   EFF: 09/13/07   Assignment: ASU MERD 04/12/08

Rel Date: EPRD 09/02/202'   Reclass: 03/05/2008   Action: FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION

BPH Rev: 0   TO PBSP SHU

**RECOMMENDED ACTION:** Refer to CSR recommending transfer extension to PBSP-SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

**ADMINISTRATIVE PLACEMENT DUE PROCESS:**

**DISCUSSION:** Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer. Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a **MAX MERD 04/12/08.** Committee also notes the transfer for PBSP SHU will expire on 12/07/07. **STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care. S does not meet PBSP-SHU exclusionary criteria.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU. This is an adverse transfer. Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

**INMATE COMMENTS:** Did not appear.

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON: F. JACQUEZ/CDW                    RECORDER:   S. O'DELL/CCII

COMMITTEE MEMBERS:   M. FOSS/CAPT.        J. PASCOE/PHD

DATE:   12/05/2007        ASU INSTITUTIONAL CLASSIFICATION COMMITTEE        Inst.: PBSP

*orig.*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO:    P-20045    NAME: BLOODSAW, THEOPRIC    HSG:    ASU E1

Custody:    MAX    PS:  133    Level:  IV    WG/PG:  D1/D    EFF:  09/13/2007  Assignment:  ASU MERD 04/12/2008

Rel Date:    EPRD 12/01/2021    Reclass:    06/12/2008    Action:    RETAIN SHU INDET STATUS UPON EXPIRATION OF MERD; REFER TO CSR RX

BPH Rev:    0    TX PBSP/COR SHU

**RECOMMENDED ACTION:** Retain in SHU indeterminate status upon expiration of MERD.  Refer to CSR recommending transfer PBSP/COR SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Pre-MERD Review. Pursuant to CCR 3336 the Reason for Placement (Part A) is:  S is serving a determinate SHU term due to RVR 04/12/07, Battery on a Peace Officer, with a MERD of 04/12/2008.

**DISCUSSION:** Committee notes S is endorsed for transfer to PBSP SHU.  Due to the lack of SHU bedspace S has remained in ASU on Active MERD. Committee reviewed S's disciplinary history which includes two RVR's that resulted in determinate SHU terms.  S has been found guilty of RVR's dated 08/11/99, Attempted Battery on a Peace Officer, 04/12/07, Battery on a Peace Officer 12/19/07, Indecent Exposure and numerous RVR's for recurring Failure to Meet Program/Work Expectations.  Committee views S's refusal to appear at ICC for his Pre-MERD Review, as another example of his refusal to program.    Committee deems S's presence in GP poses an unacceptable risk to the safety of others and the security of the institution. **Committee acts to retain S on SHU Indeterminate status upon expiration of MERD.**

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA.  The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 06/27/01, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer this case to the CSR with recommendation for transfer to PBSP, with alternate of COR, for SHU placement.  This is an adverse transfer.  Upon transfer, S's custody will be MAX; WG/PG D1/D effective 09/13/07 and single cell housing will not be required.

**INMATE COMMENTS:** N/A

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    F. JAQUEZ/CDW    RECORDER:    S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC    J. PASCOE/PHD

DATE:    03/12/2008    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE    Inst.: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G [REVISED 4/07]

NO: P-20045   NAME: BLOODSAW, THEOPRIC   HSG: ASU F12 B8 113

Custody: CLO-B   PS: 133   Level: IV   WG/PG: A2/B   EFF: 04/13/08   Assignment: SS, FS W/L
Rel Date: EPRD 12/01/2021   Reclass: 04/25/08   Action: ASSESS/SUSPEND 6-MONTH SHU TERM RVR 12/19/07; REFER TO CSR
BPH Rev: NA                                AUDIT/REVIEW; RELEASE PBSP-IV B FAC ESTABLISH CLO-B CUSTODY WG/PG
                                           A2/B EFF 04/13/08; FS, SS W/L; REFER BMU REVIEW

RECOMMENDED ACTION: Refer to CSR for audit/review.

ADMINISTRATIVE PLACEMENT FACTORS: Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Subsequent Review.
Committee notes S currently housed in ASU without being issued a CDCR 114-D.

DISCUSSION: S was previously housed at PBSP SHU serving a determinate SHU term due to an RVR dated 04/12/07, Battery on a Peace Officer. At the
expiration of a 04/12/08 MERD, S was moved to ASU. Committee notes a CSR action dated 03/25/08 referred the case to the CDW. The CSR noted an
RVR dated 12/19/07, for Indecent Exposure had not been assessed a SHU term as required per the CSRs. Committee also notes ICC action dated
03/12/08 retained S on Indeterminate status due to S's disciplinary history. **ICC acts to rescind ICC action dated 03/12/08. C-File reflects S was found
guilty of the following:** RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in
90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess a 6-month concurrent SHU term and refer to CSR
for audit and review.** No aggravating factors were noted. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D
effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied. **Suspended MERD for this offense is 05/04/08.**

STAFF ASSISTANCE: More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no
documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW: ICC notes CDCR 128-C, dated 04/02/08, noting S is not a participant in the MHSDS level of care.

DA ACTION: NA

CELL STATUS: S is cleared for double celling.

YARD STATUS: GP

COMMITTEE ACTION: Release to the GP on FAC-B only. C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-
0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term;
therefore Committee acts to assess and suspend a 6-month concurrent midrange SHU term for Indecent Exposure. MERD for this offense is
05/04/08.** No aggravating nor mitigating factors were noted. Refer to CSR for audit and review. S's WG/PG will be D2/D effective 12/19/07 for period of
credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.

Refer for BMU placement, establish CLO-B custody, and WG/PG A2/B, effective 04/13/08, and place on the SS, FS waiting lists.

INMATE COMMENTS: NA

APPEAL RIGHTS: As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    M. COOK/CDW(A)                                    RECORDER:    S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC              C. GLINES/PHD

DATE:    04/16/2008              ASU INSTITUTIONAL CLASSIFICATION COMMITTEE              Inst.: PBSP








# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:                  CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:                 PCP CLINIC

CLINICAL DATA:                   HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:             CERVICAL SPINE THREE VIEWS

FINDINGS:                        This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:              1.  **FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.**

                        2.  **FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.**

                        3.  **I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.**

05/15/07                          PHILIP GRIMM, M.D.                          DLK
DATE READ                         RADIOLOGIST                          TRANSCRIBER

## California State Prison Corcoran

## RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947          DATE: 12/17/92

DOCTOR: Hoffman                   HOUSING: 4B


SKULL SERIES, C-SPINE.

HISTORY: Blow to head 1977. Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION: Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.


Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

## California State Prison Corcoran
## RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947      DATE: 10/20/92

DOCTOR: Brown                     HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the _lateral_ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, _Follow up Lateral + open mouth view Rec._

Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
          cc: X-Ray Jacket

*# 74.*
*7*

**X-RAY REPORT**

*u - 9 - 99*

*M*

**DEPARTMENT OF CORRECTIONS
CORRECTIONAL TRAINING FACILITY**

| | | | | |
|---|---|---|---|---|
| **NAME:** | **CDC #:** | **CELL:** | **DOB:** | **DATE:** |
| BLOODSAW, THEOPRIC | P-20045 | D4/025U | 06/24/58 | 02/26/99 |

**EXAM REQUESTED:**
PA AND LATERAL CHEST

**CLINICAL DATA:**
OLD GSW, LEFT THORAX

**REFERRING PHYSICIAN:**
D. GINES, M.D.

**RADIOGRAPHIC REPORT:**

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO
MEDIASTINAL ADENOPATHY.

**IMPRESSION:**

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.

03/02/99
DATE READ

NELSON PARKER, M.D.
RADIOLOGIST

NHP/gj

DATE TYPED:  04/07/99

NAME  Bloodsaw                    NUMBER  E40947          AGE  32    DATE    12/17/90

X-RAY REQUESTED      Left hip                      PHYSICIAN   A. C. Pedley, M.D.

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.


RJB: ck
d:  12/18/90                                      ROBERT J. BEMRICK, M.D.
t:  12/18/90                                      RADIOLOGIST

                      S.C.C. X-RAY REPORT

20
76 . NAME• Bloodsaw _____ NUMBER __ E40947 ___ AGE __ 32 __ DATE __ 12/17/90 __
4
X-RAY REQUESTED _____ Left hip _____ PHYSICIAN __ A. C. Pedley, M.D. __

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.



RJB: ck
d:  12/18/90                                        /S
t:  12/18/90                              ROBERT J. BEMRICK, M.D.
                                         RADIOLOGIST

                       S.C.C. X-RAY REPORT


NAME • Bloodsaw _____ NUMBER __ E40947 ___ AGE __ 31 __ DATE __ 2/16/90 __

X-RAY REQUESTED ____ Upper GI Series _____ PHYSICIAN _____ F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:   Findings consistent with nonerosive antral gastritis and duodenitis.

               No evidence of peptic ulceration involving the upper intestinal
               tract.


'B: ck                                   /S
   2/27/90                               Robert J. Bemrick, M.D.
   3/2/90          S.C.C. X-RAY REPORT   Radiologist

 

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM:  A4-226  DOB: 06/25/58   DATE: 07/23/04

EXAM REQUESTED:             CERVICAL SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              HISTORY OF PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

IMPRESSION:                 **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**



ORIGINAL

| 07/28/04 | CURTIS COULAM, M.D. | DLK |
|---|---|---|
| DATE READ | RADIOLOGIST | TRANSCRIBER |




## X-RAY REPORT

**DEPARTMENT OF CORRECTIONS**
**PELICAN BAY STATE PRISON**
**HEALTH CARE SERVICES**

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125   DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:             CERVICAL SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              NO HISTORY GIVEN

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at C5-6. There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**              1.    **REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.**
2.    **THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05                    CURTIS COULAM, M.D.                           BGR
DATE READ                   RADIOLOGIST                            TRANSCRIBER




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:          3 VIEW LUMBAR SPINE

REQUESTING M.D.:         J. LAZORE, F.N.P.

CLINICAL DATA:           NO HISTORY GIVEN

RADIOGRAPHIC REPORT:     3 VIEW LUMBAR SPINE

FINDINGS:                The lumbar vertebra are normally aligned and the disc spaces are well maintained. No compression fractures are evident. There are no arthritic changes.

**IMPRESSION:**          **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:          LEFT HIP

REQUESTING M.D.:         J. LAZORE, F.N.P.

CLINICAL DATA:           NO HISTORY GIVEN

RADIOGRAPHIC REPORT:     LEFT HIP

FINDINGS:                4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint. These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum. The joint space is well preserved. No significant arthritic changes are evident.

**IMPRESSION:**          **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP. THE HIP, PER SE IS UNREMARKABLE.**

02/22/05                 CURTIS COULAM, M.D.                    BGR
DATE READ                RADIOLOGIST                    TRANSCRIBER



NAME: BLOODSAW, THEOPRIC   NO. P20045  RM:  A2-125  DOB: 06/25/58  DATE: 03/14/05

EXAM REQUESTED:              SINUS SERIES

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              HISTORY OF MAXILLARY PAIN

RADIOGRAPHIC REPORT:        SINUS SERIES

FINDINGS:                   The paranasal sinuses are all normally developed and normally
aerated. There is no evidence of acute or chronic sinus disease.

IMPRESSION:                 **NORMAL SINUS SERIES.**

03/21/05            CURTIS COULAM, M.D.                                    BGR




## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

*A3-1872*

NAME: BLOODSAW, THEOPRIC  NO. P-20045  RM: ~~A2-118~~  DOB: 06/25/58  DATE: 06/23/05

| | |
|---|---|
| EXAM REQUESTED: | FIVE VIEW CERVICAL SPINE |
| REQUESTING M.D.: | W. WAHIDULLAH, M.D. |
| CLINICAL DATA: | HISTORY OF PAIN |
| RADIOGRAPHIC REPORT: | FIVE VIEW CERVICAL SPINE |
| FINDINGS: | Comparison to previous study dated 02/22/2005. |

*PELICAN BAY A.S.U.*

Soft tissues remain normal.

Again noted is approximately 2 ml subluxation of C-4 with respect to C-5. This is unchanged compared to the previous study.

Degenerative narrowing of the C5-6 and C6-C7 disc spaces are again noted with no demonstrable change.

Again noted is minimal foraminal encroachment at the C5-6 level bilaterally.

**IMPRESSION:**      **DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7 WITH MILD SUBLUXATION OF C4 ON C5. THESE FINDINGS WERE ALL PRESENT ON THE PREVIOUS STUDY AND THERE HAS BEEN NO DEMONSTRATED CHANGE SINCE THAT EXAMINATION.**

*CC 7/8/05*

| | | |
|---|---|---|
| 06/07/05 | CURTIS COULAM, M.D. | BMC |
| DATE READ | RADIOLOGIST | TRANSCRIBER |

# ADA APPEAL TRACKING SHEET

INMATE NAME Bloodsaw CDC # P20045 APPEAL # A05-01931

Appeal Received                                        Date: 5/11/05

Verification Attached                          ☒ YES        ☐ NO

Medical Chart Reviewed                         Date:_____

Verification Obtained by Review                ☐ YES        ☐ NO

Appeal Forwarded for Review                    Date:_____

Request for Verification                       Date:_____

Verification Confirmed                         ☐ YES        ☐ NO

                                               Date Received:_____

Appeal Forwarded for Review                    Date:_____

Unable to Verify/Consult Necessary             ☐ YES        ☐ NO

Appeal Suspended                               Date:_____

Appointment with Outside Consult Scheduled     Date:_____

Outside Consult Completed/Report Received      Date:_____

Appeal Forwarded for Review After Suspension   Date:_____

# URGENT
# ADA

## Request
## for
## Medical Review

## Verification
## of
## Disability

Inmate __BLOODSAW__ CDC# __P20045__, has filed a CDC 1824 requesting accommodation under ADA. His medical file has been reviewed and has no verification of the disability he is claiming. For proper processing, a CDC 1845 and a CDC 128-C listing limitation must be generated and returned to the Appeals Office prior to __5/24/05__.

APPEAL # __A05-01931__

Please put on
Dr. Line to
have ADA
issues discussed.

Thank You
Candy Word
x 7224
Med Appeals

Return to Med. Appeals
b. 5/24/05

**ADA 1824 RESPONSE SHEET**

Inmate's issue: Vertebral abnormal C-5/6 + C6-7, Severe pain in left hip, spasms, lower back pain, dizziness

Inmate interviewed on: 5/19/15 By: W. Wahidullah MD
Date                    Interviewer

Inmate stated during the interview: pt wants total disability due to his back and neck pain, & occasional spasm.

Inmate's request for accommodation is: Totally disable under ADA — per diagnosis of physician.

The reason for the determination is: , Refer to Physical therapy for evaluation for disability, as it could not be determined, based on pt sitting comfortable during exam, Not in any distress, and able to walk, No weakness or numbness in Arm, hand in legs, No report or radiate of pain to the back of thigh, leg.

If a determination cannot be made without an outside consult, please attach the order for MAR review of outside consult.

# ADA APPEAL TRACKING SHEET

INMATE NAME _Bradshaw_ CDC # _P20045_ APPEAL # _____

Appeal Received                                      Date: _5/11/05_

Verification Attached                    ☒ YES        ☐ NO

Medical Chart Reviewed                               Date: _____

Verification Obtained by Review          ☐ YES        ☐ NO

Appeal Forwarded for Review                          Date: _____

Request for Verification                             Date: _____

Verification Confirmed                   ☐ YES        ☐ NO
                                         Date Received: _____

Appeal Forwarded for Review                          Date: _____

Unable to Verify/Consult Necessary       ☐ YES        ☐ NO

Appeal Suspended                                     Date: _____

Appointment with Outside Consult Scheduled           Date: _____

Outside Consult Completed/Report Received            Date: _____

Appeal Forwarded for Review After Suspension         Date: _____

STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
CHECK ALL APPLICABLE BOXES

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| BLOODSAW | P20045 | PBSP | AZ 202L | 8/1/07 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| [X] Inmate self-identifies to staff  [ ] Third party evaluation request  [ ] Observation by staff  [ ] Medical documentation or Central File information | [ ] Blind/Vision Impaired  [ ] Speech Impaired  [X] Deaf/Hearing Impaired  [ ] Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. [ ] FULL TIME WHEELCHAIR USER - DPW Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. [ ] INTERMITTENT WHEELCHAIR USER - DPO Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. [ ] MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. [ ] MOBILITY IMPAIRMENT (Lower Extremities) - DNM Walks 100 yards without pause with or without assistive devices.  [ ] No Housing Restrictions  [ ] See HOUSING RESTRICTIONS in Section E  Requires relatively level terrain and no obstructions in path of travel. *Do not place at:* CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. [ ] DEAF/HEARING IMPAIRMENT - DPH Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. [X] HEARING IMPAIRMENT - DNH With residual hearing at a functional level with hearing aid(s). |
| 5. [ ] BLIND/VISION IMPAIRMENT - DPV Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. [ ] SPEECH IMPAIRMENT - DPS Does not communicate effectively speaking or in writing. | 6. [ ] SPEECH IMPAIRMENT - DNS Does not communicate effectively speaking, but does when writing. |

| SECTION E: ADDITIONAL MEDICAL INFORMATION | |
|---|---|
| **CSR ALERT:**  [ ] Requires relatively level terrain and no obstructions in path of travel  [ ] Complex medical needs affecting placement  [ ] CDC 128-C _____ | **HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**  [ ] Cane  [ ] Crutch  [ ] Walker  [ ] Leg/Arm prosthesis  [ ] Vest  [ ] Other: _____  [ ] CDC 128-C(s) dated: _____ |
| **ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**  [ ] Feeding or Eating  [ ] Bathing  [ ] Grooming  [ ] W/C transferring  [ ] Toileting  [ ] Other: _____  [ ] CDC 128-C(s) dated: _____ | **OTHER DPP DESIGNATIONS:**  [ ] NONE _____ ; _____  CODE   DATED   CODE   DATED |
| **HOUSING RESTRICTIONS:**  [ ] Lower bunk  [ ] No stairs  [ ] No triple bunk. CDC 128-C(s) dated: _____ | |

| SECTION F: EXCLUSIONS |
|---|
| [ ] VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____). |
| [ ] REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ . (Explain in Comments Section and CDC 128-C dated: _____ .) |
| [ ] REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____ . (Explain in Comments Section and CDC 128-C dated: _____ .) |

| SECTION G: EFFECTIVE COMMUNICATION FACTORS |
|---|
| [ ] Uses Sign Language Interpreter (SLI)  [ ] Reads Braille  [ ] Communicates with written notes  [ ] Requires large print or magnifier  [ ] Reads lips  [X] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD |

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good fuction & hearing aids - does not need vest*

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | M Sayre | 8/1/07 |

| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | MC Sayre | 8/1/07 |

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;    Green - Chrono Section, Unit Health Record    Canary - C&PR/CC-III    Pink-CC-I;    Gold-Inmate.

State of California                                                    DEPARTMENT OF CORRECTIONS
                                                                      CDC 128-E

NAME and NUMBER  Bloodsaw, P20045

This inmate has been identified as: ☐ DPH ☒ DNH ☐ DPS ☐ DNS and was interviewed as indicated below:
☒ The inmate was/was not interviewed with the assistance of a qualified sign language interpreter.
Name of sign language interpreter _____

Primary method: (Check one) (This method shall be used for due process, delivery of health care, inmate appeals and CDC 1515)
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☒ Hearing aide(s) ☐ Assistive listening device

Alternative method(s): (Check all that apply)  I/m Request a Vest to Identify his Hearing impairme
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☐ Hearing aide(s) ☐ Assistive listening device ☒ None

V.Y. France, Sgt.        t.france Sgt.           x T. Bloodsaw          C. Patten
Interviewer's Name       Interviewer's Signature  Inmate's Signature     CAPTAIN

DATE: 8/16/07  NOTE - VEST ISSUED  8/17/07  CP   INST: PBSP

EQUALLY EFFECTIVE COMMUNICATION FOR HEARING/SPEECH IMPAIRED

Orig.

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| PBSP | A05-01931 | 1B. ADA |

**NOTE:** THIS FORM TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

In preparing this request, it is required to be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.

USE AS ORIGINAL

A2-103

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| BloodsAw Theopric | P20045 | N/A | N/A | A2-125 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

Vertebral abnormal C-5/6 interspace, C6-C7 abnormal cervical lordo-sis, severe pain in left hip, spasms, lower back pain, Dizziness

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

My medical documents they are attached

DESCRIBE THE PROBLEM:

Shot in my left hip severe pain, Abnormal C 5/6 interspace, C6-C7 Degenerative disc disease, spasms, Dizziness, lower back pain a L.A County sheriffs Deputy came down on my lower back with both of his knees
3350. Provision of Medical Care and Definitions.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

~~Totally di~~

Totally disable Americans With Disabilities Act, I want to be diagnosed by a physician as totally disable. 3044. (B) An inmate diagnosed by a physician and/or psychiatrist as totally disable shall remain in Privilege Group A unless changed by disciplinary action.

T. Bloodsaw
INMATE/PAROLEE'S SIGNATURE

5-3-05 5-4-05
DATE SIGNED

APR 20 2005

AUG 11 2005

DEPT _____
TREAT AS 2ND level Response

REVIEWER'S ACTION

DATE ASSIGNED TO REVIEWER: 8-11-05
DATE DUE: 9-1-05

**TYPE OF ADA ISSUE**

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☐ Auxiliary Aid or Device Requested

☑ Other _Low Back pain_

☐ PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: _No limitations other than typical low back pain_

DATE INMATE/PAROLEE WAS INTERVIEWED _12/14/05_

PERSON WHO CONDUCTED INTERVIEW _MC Sayre_

**DISPOSITION**

☐ GRANTED  ☑ DENIED  ☐ PARTIALLY GRANTED

BASIS OF DECISION: _No limitation found_

NOTE: If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY: (NAME) _MC Sayre_

TITLE _CMO (A)_

INSTITUTION/FACILITY _PBSP_

APPROVAL

ASSOCIATE WARDEN'S SIGNATURE _Maureen McLean HCM MC Sayre_

DATE SIGNED _12/15/05_

DATE RETURNED TO INMATE/PAROLEE _3-1-06_

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| **PBSP** | A-04-02445 | 18. ADA |

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

4-2   125L

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| BloodsAw Theopric | P20045 | N/A | N/A | A-EZZO |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

Vertebral, Blow to head 1977 Dizziness since, Cervical Spine

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

They are attached to this form the one's I have in my posses-
sion medical documents

DESCRIBE THE PROBLEM:

I have left eardrum damage, shot in left leg or hip, shot in
upper left chest, Abnormal C-3/6 interspace (1) Reversal of cervical
curvature, (2) Degenerative disc disease, (3) Fractures verses sup-
erimposed position artifact of C-1 as described, This maybe secon-
dary to positioning or muscle spasms. To many problems from my cellie's

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I want the Americans With Disabilities Act, and assigned
disable, I would also like to be assigned single cell status,
this maybe secondary to positioning or muscle spasms.
Imminent danger of serious physical injury

T. BloodsAw
INMATE/PAROLEE'S SIGNATURE

8-23-04
DATE SIGNED

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

| REVIEWER'S ACTION |
|---|

**TYPE OF ADA ISSUE**

| DATE ASSIGNED TO REVIEWER: |
|---|
| DATE DUE: |

☒ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☒ Auxiliary Aid or Device Requested

☐ Other_____

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** You SUBMITTED THIS CDC 1824 dated 08-23-04 stating your claims of hearing impairment as well as a history of gun shot wounds which may have caused a mobility impairment. This appeal was suspended on 09-21-04 pending further outside consultations + evaluations. An examination and assessment of your physical condition as well as recent x-rays was completed by Dr. TANJI with the UC DAVIS Telemedicine health system orthopedic clinic on 02-03-05. The radiographic findings were consistent with those noted in 1993. Hearing tests resulted in your being fitted with hearing aids on 03-18-05. During our interview, you stated that your hearing was improved when you wear the hearing aids.

_03-22-05_
**DATE INMATE/PAROLEE WAS INTERVIEWED**

_FREDERICK W. SPENCER_
**PERSON WHO CONDUCTED INTERVIEW**

**DISPOSITION**

☐ GRANTED    ☐ DENIED    ☒ PARTIALLY GRANTED

**BASIS OF DECISION:** You were fitted with two hearing aids on 03-18-05 and you state that your ability to hear is improved. Your orthopedic exam resulted in an assessment of cervical spine osteoarthritis secondary to assault with radicular symptoms. Although this condition would cause episodes of upper body stiffness with occasional radiating pain, it would not cause you to be mobility impaired. You are currently, and have been, single celled. You have not received official single cell status.

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

**DISPOSITION RENDERED BY: (NAME)**
FREDERICK W. SPENCER, DDS

**TITLE**
Chief Dental Officer

**INSTITUTION/FACILITY**
PBSP

| APPROVAL |
|---|

**ASSOCIATE WARDEN'S SIGNATURE**
_Carol K. Thacker_

**DATE SIGNED**
3/22/05

**DATE RETURNED TO INMATE/PAROLEE**
MAR 2 3 2005

_Real Con_ R/N

STATE OF CALIFORNIA                                                                     DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| PBSP | B06-02075 | 18. ADA |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Bloodsaw Theopric | P20045 | N/A | N/A | B8-120 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:
*Cervical Spine, Abnormal C-5/6 interspace C-1, C-5/C-6, C5-6, C6-C7, and C4 Dizziness, Muscle spasms, gunshot in left hip, lower back pain*

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
*My medical documents X-RAY reports, Police incident report on 11-8-02, when I was attacked severely beaten them for malice reasons and they contributed to the new spinal injuries in my neck*

DESCRIBE THE PROBLEM:
*Severe pain and discomfort, Spasms, Dizziness*

*U.S.C. Amendments VIII, XIV*

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
*Total disable (ADA) CDC 1824. 42 U.S.C. 12131 et seq. (ADA) 29 U.S.C. 794 (Rehabilitation Act) Pennsylvania Dept. of Corrections v. Yeskey (1998) 524 U.S. 206 (118 S. Ct. 1952; 141 L. Ed. 2d 215)., 3377.1 Inmate Custody Designations. 3375. Classification Process.*

| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |
|---|---|
| T. Bloodsaw | 8-9-06 |

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

## REVIEWER'S ACTION

TYPE OF ADA ISSUE

DATE ASSIGNED TO REVIEWER: 8/23/06
DATE DUE: 9/19/06

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐ Auxiliary Aid or Device Requested

    ☒ Other _Total Medical Disabled due to back + hip pain_

☐ PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: Inmate seeking total medical disability, which is not medically indicated/necessary at this time. A medical chrono has been written RE limitations and a low bunk chrono dated 8/29/06

Interviewed by me on 8/30/06 Inmate clearly states that he has no disability and can do everything.

_MCSayre_

8/11/06
DATE INMATE/PAROLEE WAS INTERVIEWED

_Melo Clines_
PERSON WHO CONDUCTED INTERVIEW

DISPOSITION

☐ GRANTED     ☒ DENIED     ☐ PARTIALLY GRANTED

BASIS OF DECISION: Total Disability

He has no disability by his own statements

_MCSayre_

NOTE: If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY: (NAME) _M.C. SAYRE_    TITLE _CMO_    INSTITUTION/FACILITY _PBSP_   X

## APPROVAL

ASSOCIATE WARDEN'S SIGNATURE _MCSayre_    DATE SIGNED _9/5/06_   a

DATE RETURNED TO INMATE/PAROLE
9-5-06



NAME: _Bloodsaw Theopric_

CDC NO.: _P20045_ HOUSING: _88-113_

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

$ 05.60
02 1M
0004217656    JUL 3 2008
MAILED FROM ZIP CODE 95531

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City, CA 95532

RICH... U.S. DIST... OF CO...
CLERK, U.S. DISTRICT OF COU...
NORTHERN DISTRICT OF CA...

_United States District Court_

_Northern District of Calif._

_ATTN: Clerk_

_450 Golden Gate Ave._

_San Francisco, CA 94102_

LEGAL MAIL

2-29-08